**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3730
_____

EDDIE LAREECE PITTMAN,
                                        Appellant

v.

BOB, Night Forman; JAMES AUSTIN CO.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 11-cv-00842)
District Judge:  Honorable Mark R. Hornak
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 5, 2013

Before:  SLOVITER, GREENAWAY, JR. and BARRY, Circuit Judges

(Opinion filed:  April 5, 2013)
_____

OPINION
_____

PER CURIAM

        Eddie LaReece Pittman appeals pro se from the District Court's order dismissing

his complaint.  We will affirm.

I.

Pittman was employed for four weeks by James Austin Company ("JAC") until, for reasons that Pittman has not specified, it told the employment agency that placed him that his services were no longer required. Pittman filed suit pro se against JAC and one of its employees, identified only as a foreman named Bob, asserting Title VII claims for quid-pro-quo and hostile environment sexual harassment. Pittman's claims were based on three incidents in which he alleges that Bob: (1) asked him "you alright?" as he was going on break; (2) stood in an "uncomfortable" proximity to Pittman while performing a job; and (3) after summoning other employees to help Pittman with a task, placed his hands on Pittman's shoulders and said "You're lucky I like you . . . I like you because you're so big." Pittman further alleged that another employee later told him that Bob is homosexual and had a history of "getting too close" to other male employees. The return of service for Bob states that he was not served with the complaint because he is deceased, and Pittman's suit thus proceeded solely against JAC.

JAC filed an initial motion to dismiss the complaint, but the District Court deemed Pittman's response an amendment of his complaint and denied the motion as moot. The District Court later granted JAC's second motion and dismissed Pittman's complaint under Rule 12(b)(6). The District Court held that Pittman failed to state a claim for either quid-pro-quo or hostile environment harassment and that further amendment of those claims would be futile. The District Court also dismissed Pittman's potential claims under the Pennsylvania Human Relations Act ("PHRA") for the same reason, but it declined to exercise supplemental jurisdiction over any other potential state-law claims.

Pittman appeals pro se.[1]

II.

The District Court concluded that Pittman failed to state a claim for quid-pro-quo harassment because, inter alia, he did not plead anything suggesting a nexus between his response to Bob's allegedly sexual advances and any decision affecting a term of his employment. See Farrell v. Planters Lifesavers Co., 206 F.3d 271, 281-82 (3d Cir. 2000). The District Court concluded that Pittman failed to state a claim for hostile environment harassment because, inter alia, a reasonable person would not find Bob's alleged conduct sufficiently severe or pervasive to alter the terms of employment or create an abusive environment. See Meritor Sav. Bank v. Vinson, 477 U.S. 57, 67 (1986). Pittman argues that the District Court misapplied the law and that his allegations adequately state a claim. Having reviewed the matter de novo, however, we disagree for the reasons stated by the District Court. In essence, Pittman alleges merely innocuous conduct that bore no relation to any term or condition of his employment. For the same reasons, the District Court did not abuse its discretion in concluding that further amendment would be futile.

Finally, although Pittman does not challenge the District Court's handling of his potential state-law claims, we perceive no abuse of discretion in that regard. In

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the dismissal of a complaint under Rule 12(b)(6). See Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011). In doing so, we construe the complaint's factual allegations in the light most favorable to the plaintiff and ask whether they plausibly give rise to an entitlement to relief. See id. at 220-21. We review for abuse of discretion the

appropriate cases, district courts may exercise supplemental jurisdiction over some state-law claims but not others.  See Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 181 n.10 (3d Cir. 1999).  In this case, the District Court exercised supplemental jurisdiction over Pittman's potential PHRA claims because, as the District Court correctly noted, those claims are governed by the same legal standard that applies to his federal Title VII claims.  See Huston v. Procter & Gamble Paper Prods. Corp., 568 F.3d 100, 104 n.2 (3d Cir. 2009).  That rationale does not apply to state-law claims of a different kind.

For these reasons, we will affirm the judgment of the District Court.

---

District Courts' dismissal without leave to amend, see id. at 220, and its exercise of supplemental jurisdiction, see Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009).